THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 28 P 3: 47

US DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DJAYGEE, INC., | )<br>) |
| Plaintiff, | ) Civil Action No. 04 11135<br>) |
| v. | )<br>) MAGISTRATE JUDGE Bowler |
| NATIONAL HOCKEY LEAGUE, | )<br>) |
| NHL ENTERPRISES, INC., and | )<br>) |
| NHL ENTERPRISES, L.P., | )<br>) |
| Defendants | )<br>) |

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK____
DATE 5/28/04

## COMPLAINT

Plaintiff djaygee, Inc. d/b/a Cutting Edge Sports ("Cutting Edge"), by and through its undersigned attorneys, brings this Complaint against defendants National Hockey League, NHL Enterprises, Inc. and NHL Enterprises, L.P. for copyright infringement under 17 U.S.C. §101 *et seq.* and unfair and deceptive trade practices in violation of Massachusetts General Laws Chapter 93A, and states as follows:

### THE PARTIES

1.  Plaintiff Cutting Edge is a Massachusetts corporation with its principal place of business located at 1 Bryant Street, Woburn, Massachusetts 01801.

2.  Defendant National Hockey League ("NHL") is an unincorporated association of hockey clubs with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.

3. Defendant NHL Enterprises, Inc. ("NHL Enterprises") is a Delaware corporation with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.

4. Defendant NHL Enterprises, L.P. is a Delaware limited partnership with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020 owned by the NHL member clubs and NHL Enterprises.

5. NHL, NHL Enterprises, and NHL Enterprises, L.P. (collectively, the "NHL Defendants") regularly transact business in Massachusetts and derive substantial revenue from the business they transact in Massachusetts.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action, which arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(a).

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8. Venue is proper in this district under 28 U.S.C. §1391 (b), (c).

## FACTUAL ALLEGATIONS

9. Since 1990, Cutting Edge and its predecessors have been creating unique custom designs of letters and numbers for use on athletic uniforms for professional and amateur sports teams.

10. Initially, Cutting Edge created its custom alphanumeric designs by hand for each team. Each letter and number was rendered as a metal die that was used with a large manual

press to cut the fabric for the jersey lettering. Later, Cutting Edge digitized this process and started to create the alphanumeric appliqué designs using special software.

11. Cutting Edge has business relationships with the equipment managers of its customer teams, from whom it obtains general ideas regarding the team's desired style for its jersey numbering and lettering. After discussions with the team representatives, Cutting Edge then creates a unique appliqué design for each team and produces lettering for the players' jerseys using an exclusive production technique.

12. With the aid of software such as Fontographer® and CorelDRAW,® Cutting Edge creates an original design for each letter in the alphabet and the numbers 0-9, all sharing common design elements but distinctive as a set from the letters and numbers of other teams. Cutting Edge then saves the resulting appliqué design as a computer software file, which subsequently is used to manufacture distinctive fabric appliqué letters and numbers that are affixed to the jerseys worn by team members.

13. The process of alphanumeric appliqué design requires precision, ingenuity, and creativity. To create a new alphanumeric design, Cutting Edge uses a software program to map out coordinates on a grid to create a glyph, which is the visual representation of how an alphanumeric character will look when fixed on paper, fabric, or other tangible media. The choice of coordinates is creative in nature and requires attention to aesthetics, rather than the rote entry of information. Each of Cutting Edge's custom fonts comprises a set of glyphs that indicates the curves and shape of all letters and numbers in the series. Each glyph and its corresponding letter or number is unique and distinctive, but also shares common elements with the other letters and numbers in the team's set. Through this process, Cutting Edge creates a unified and unique visual identity for each team, such that a fan can recognize a player solely

from the style of numbers and letters he wears on his shirt. The process of creating the fabric appliqués that embody the alphanumeric design contained in the computer software file similarly requires meticulous attention to detail as well as creativity.

14. In or about 2002, Cutting Edge created two original computer software fonts in connection with the New York Islanders, which subsequently were registered in the United States Copyright Office as registration numbers TXu1-146-675 and TX5-789-387.

15. In or about 2001, Cutting Edge created an original computer software font in connection with the Tampa Bay Lightning, which is the subject of a pending application for registration in the United States Copyright Office filed on or about March 11, 2004. (This work, together with the Cutting Edge works described in paragraph 14 of this Complaint, shall be referred to as the "Copyrighted Works.")

16. On information and belief, the NHL Defendants obtained the Copyrighted Works to reproduce the copyrighted computer software files and to manufacture the copyrighted fabric appliqués embodied in those files, all without authorization from Cutting Edge.

17. On information and belief, the NHL Defendants have reproduced, distributed, publicly displayed, and made derivative works of Cutting Edge's Copyrighted Works, without Cutting Edge's permission or consent, and purported to authorize third parties to do the same.

### CLAIM I

#### Copyright Infringement Under 17 U.S.C. § 101, *et seq.*

18. Cutting Edge realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Cutting Edge has filed proper and complete applications to register each of the Copyrighted Works with the United States Copyright Office in compliance with the Copyright

Act of 1976 as amended, 17 U.S.C. § 101, *et seq.*, and Copyright Office regulations. Copies of Registration Nos. TXu1-146-675 and TX5-789-387, are attached to this Complaint as Exhibit A and are incorporated herein by reference.

20. Cutting Edge has been, and still is, the sole owner of all rights, title and interest in and to all copyrights in the Copyright Works. Cutting Edge has not authorized the NHL Defendants to reproduce, publicly display, modify, distribute, or prepare derivative works from these copyrighted materials.

21. On information and belief, the NHL Defendants had access to the Copyrighted Works after this creation and development by Cutting Edge.

22. On information and belief, the NHL Defendants have reproduced, distributed, publicly displayed, and/or made derivative works of the Copyrighted Works, and have thereby infringed the copyrights in such materials.

23. The NHL Defendants' acts of copyright infringement have caused Cutting Edge substantial and irreparable injury, and the NHL Defendants continue to commit these acts. It is difficult or impossible to calculate the amount of compensation by money damages which could afford Cutting Edge adequate relief for these continuing acts.

24. Cutting Edge has no adequate remedy at law for the NHL Defendants' wrongful conduct in that (i) the Copyrighted Works are unique, invaluable properties that have no readily determinable market value; (ii) the NHL Defendants' infringement constitutes an interference with Cutting Edge's goodwill, business reputation, business market, and customer relationships; and (iii) the NHL Defendants' wrongful conduct, and the damages resulting to Cutting Edge therefrom, is continuing. Therefore, Cutting Edge is entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502 against the infringment of the Copyrighted Works, and an order

under 17 U.S.C. § 503 that all items made or used in violation of Cutting Edge's rights be impounded and destroyed.

25. Cutting Edge also is entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C. § 504(c)), as well as its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## CLAIM II

### Violation of Mass. Gen. Laws. Ch. 93A, § 11

26. Cutting Edge realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint.

27. The NHL Defendants are a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

28. Cutting Edge is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

29. The NHL Defendants' acts described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, §2.

30. The NHL Defendants' acts also constitute knowing and willful "unfair and deceptive acts or practices" within the meaning of Mass Gen. Laws ch. 93A, §§ 2 and 11.

31. As a direct and proximate result of the NHL Defendants' willful, knowing, and intentional violations of Mass. Gen. Laws. ch. 93A, Cutting Edge has suffered actual damages in an amount to be proved at trial including treble damages, attorneys' fees, interest, and costs.

## **RELIEF REQUESTED**

WHEREFORE, Cutting Edge requests that this Court:

1.   Enter judgment for Cutting Edge and against the NHL Defendants on Claim I for copyright infringement and award Cutting Edge permanent injunctive relief pursuant to 17 U.S.C. § 502 against the infringing reproduction, public display distribution, or creation of derivative works of Copyrighted Works, and an order under 17 U.S.C. § 503 that all copies in the possession of the NHL Defendants and their principals, agents or employees made in violation of Cutting Edge's rights be impounded and destroyed;

2.   Enter judgment for Cutting Edge and against the NHL Defendants on Claim I for copyright infringement and award Cutting Edge actual damages and profits in an amount to be proven at trial, or statutory damages, including attorneys' fees and costs;

3.   Enter judgment for Cutting Edge and against the NHL Defendants on Claim II for violation of Mass. Gen. Laws ch. 93A § 11 and award Cutting Edge damages in an amount to be proven at trial plus treble damages, interest, attorneys' fees, and costs; and

4.   Grant Cutting Edge such other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Cutting Edge hereby demands a trial by jury on all the issues so triable.

May 28, 2004                                          DJAYGEE, INC.

                                                      By its attorneys,

                                                      _____
                                                      David S. Godkin, Esq. (BBO #196530)
                                                      Jason A. Duva, Esq. (BBO #640156)
                                                      Kerry M. Regan, Esq. (BBO # 650849)
                                                      TESTA, HURWITZ & THIBEAULT, LLP
                                                      125 High Street
                                                      Boston, Massachusetts 02110
                                                      (617) 248-7000

2658773_4

THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 28  P 3: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DJAYGEE, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | |
| NATIONAL HOCKEY LEAGUE, ) | |
| ) | |
| NHL ENTERPRISES, INC., and ) | |
| ) | |
| NHL ENTERPRISES, L.P., ) | |
| ) | |
| Defendants ) | |

## CORPORATE DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 7.3

Pursuant to Local Rule 7.3, djaygee, Inc. submits the following corporate disclosure statement:

Djaygee, Inc. does not have any parent corporations and no publicly held company owns ten percent (10%) or more of djaygee, Inc.'s stock.

May 28, 2004

DJAYGEE, INC.

By its attorneys,

_____
David S. Godkin, Esq. (BBO #196530)
Jason A. Duva, Esq. (BBO #640156)
Kerry M. Regan, Esq. (BBO # 650849)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

2658773_4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **DJAYGEE, INC. v. NATIONAL HOCKEY LEAGUE**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☒ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

    *04-11135 NG*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐ NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐ NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐ NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒ NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Jason A. Duva, Esq., Testa, Hurwitz & Thibeault, LLP**
ADDRESS **125 High Street, Boston, MA 02110**
TELEPHONE NO. **617-248-7000**

(Coversheetlocal.wpd - 10/17/02)

☐ JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DJAYGEE, INC.

**DEFENDANTS**

NATIONAL HOCKEY LEAGUE, NHL ENTERPRISES, INC., and NHL ENTERPRISES, L.P.

FILED IN CLERKS OFFICE
2004 MAY 28 P 3: 47
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110-2704

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. Section 101 et seq. Copyright infringement; M.G.L. Ch. 93A Unfair or deceptive trade practices

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/28/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____