THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DJAYGEE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL HOCKEY LEAGUE, )<br>)<br>NHL ENTERPRISES, INC., and )<br>)<br>NHL ENTERPRISES, L.P., )<br>)<br>Defendants ) | Civil Action No.: 04-11135 NG |

## AMENDED COMPLAINT

Plaintiff djaygee, Inc. d/b/a Cutting Edge Sports ("Cutting Edge"), by and through its undersigned attorneys, brings this Complaint against defendants National Hockey League, NHL Enterprises, Inc. and NHL Enterprises, L.P. for copyright infringement under 17 U.S.C. §101 *et seq.* and unfair and deceptive trade practices in violation of Massachusetts General Laws Chapter 93A, and states as follows:

## THE PARTIES

1.  Plaintiff Cutting Edge is a Massachusetts corporation with its principal place of business located at 1 Bryant Street, Woburn, Massachusetts 01801.

2.  Defendant National Hockey League ("NHL") is an unincorporated association of hockey clubs with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.

3.   Defendant NHL Enterprises, Inc. ("NHL Enterprises") is a Delaware corporation with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.

4.   Defendant NHL Enterprises, L.P. is a Delaware limited partnership with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020 owned by the NHL member clubs and NHL Enterprises.

5.   NHL, NHL Enterprises, and NHL Enterprises, L.P. (collectively, the "NHL Defendants") regularly transact business in Massachusetts and derive substantial revenue from the business they transact in Massachusetts.

## JURISDICTION

6.   This Court has jurisdiction over the subject matter of this action, which arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(a).

7.   This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8.   Venue is proper in this district under 28 U.S.C. §1391 (b), (c).

## FACTUAL ALLEGATIONS

9.   Since 1990, Cutting Edge and its predecessors have been creating unique custom designs of letters and numbers for use on athletic uniforms for professional and amateur sports teams.

10.  Initially, Cutting Edge created its custom alphanumeric designs by hand for each team. Each letter and number was rendered as a metal die that was used with a large manual

press to cut the fabric for the jersey lettering. Later, Cutting Edge digitized this process and started to create the alphanumeric appliqué designs using special software.

11. Cutting Edge has business relationships with the equipment managers of its customer teams, from whom it obtains general ideas regarding the team's desired style for its jersey numbering and lettering. After discussions with the team representatives, Cutting Edge then creates a unique appliqué design for each team and produces lettering for the players' jerseys using an exclusive production technique.

12. With the aid of software such as Fontographer® and CorelDRAW,® Cutting Edge creates an original design for each letter in the alphabet and the numbers 0-9, all sharing common design elements but distinctive as a set from the letters and numbers of other teams. Cutting Edge then saves the resulting appliqué design as a computer software file, which subsequently is used to manufacture distinctive fabric appliqué letters and numbers that are affixed to the jerseys worn by team members.

13. The process of alphanumeric appliqué design requires precision, ingenuity, and creativity. To create a new alphanumeric design, Cutting Edge uses a software program to map out coordinates on a grid to create a glyph, which is the visual representation of how an alphanumeric character will look when fixed on paper, fabric, or other tangible media. The choice of coordinates is creative in nature and requires attention to aesthetics, rather than the rote entry of information. Each of Cutting Edge's custom fonts comprises a set of glyphs that indicates the curves and shape of all letters and numbers in the series. Each glyph and its corresponding letter or number is unique and distinctive, but also shares common elements with the other letters and numbers in the team's set. Through this process, Cutting Edge creates a unified and unique visual identity for each team, such that a fan can recognize a player solely

from the style of numbers and letters he wears on his shirt. The process of creating the fabric appliqués that embody the alphanumeric design contained in the computer software file similarly requires meticulous attention to detail as well as creativity.

14. In or about 2002, Cutting Edge created two original computer software fonts in connection with the New York Islanders, which subsequently were registered in the United States Copyright Office as registration numbers TXu1-146-675 and TX5-789-387.

15. In or about 2001, Cutting Edge created an original computer software font in connection with the Tampa Bay Lightning, which subsequently was registered in the United States Copyright Office as registration number TX5-948-841. (This work, together with the Cutting Edge works described in paragraph 14 of this Complaint, shall be referred to as the "Copyrighted Works.")

16. On information and belief, the NHL Defendants obtained the Copyrighted Works to reproduce the copyrighted computer software files and to manufacture the copyrighted fabric appliqués embodied in those files, all without authorization from Cutting Edge.

17. On information and belief, the NHL Defendants have reproduced, distributed, publicly displayed, and made derivative works of Cutting Edge's Copyrighted Works, without Cutting Edge's permission or consent, and purported to authorize third parties to do the same.

### CLAIM I

#### Copyright Infringement Under 17 U.S.C. § 101, *et seq.*

18. Cutting Edge realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Cutting Edge has registered each of the Copyrighted Works with the United States Copyright Office in compliance with the Copyright Act of 1976 as amended, 17 U.S.C. § 101, *et*

*seq.*, and Copyright Office regulations. Copies of Registration Nos. TXu1-146-675, TX5-789-387, and TX5-948-841 are attached to this Complaint as Exhibit A and are incorporated herein by reference.

20.   Cutting Edge has been, and still is, the sole owner of all rights, title and interest in and to all copyrights in the Copyright Works. Cutting Edge has not authorized the NHL Defendants to reproduce, publicly display, modify, distribute, or prepare derivative works from these copyrighted materials.

21.   On information and belief, the NHL Defendants had access to the Copyrighted Works after this creation and development by Cutting Edge.

22.   On information and belief, the NHL Defendants have reproduced, distributed, publicly displayed, and/or made derivative works of the Copyrighted Works, and have thereby infringed the copyrights in such materials.

23.   The NHL Defendants' acts of copyright infringement have caused Cutting Edge substantial and irreparable injury, and the NHL Defendants continue to commit these acts. It is difficult or impossible to calculate the amount of compensation by money damages which could afford Cutting Edge adequate relief for these continuing acts.

24.   Cutting Edge has no adequate remedy at law for the NHL Defendants' wrongful conduct in that (i) the Copyrighted Works are unique, invaluable properties that have no readily determinable market value; (ii) the NHL Defendants' infringement constitutes an interference with Cutting Edge's goodwill, business reputation, business market, and customer relationships; and (iii) the NHL Defendants' wrongful conduct, and the damages resulting to Cutting Edge therefrom, is continuing. Therefore, Cutting Edge is entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502 against the infringment of the Copyrighted Works, and an order

under 17 U.S.C. § 503 that all items made or used in violation of Cutting Edge's rights be impounded and destroyed.

25. Cutting Edge also is entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C. § 504(c)), as well as its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## CLAIM II

### Violation of Mass. Gen. Laws. Ch. 93A, § 11

26. Cutting Edge realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint.

27. The NHL Defendants are a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

28. Cutting Edge is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

29. The NHL Defendants' acts described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, §2.

30. The NHL Defendants' acts also constitute knowing and willful "unfair and deceptive acts or practices" within the meaning of Mass Gen. Laws ch. 93A, §§ 2 and 11.

31. As a direct and proximate result of the NHL Defendants' willful, knowing, and intentional violations of Mass. Gen. Laws. ch. 93A, Cutting Edge has suffered actual damages in an amount to be proved at trial including treble damages, attorneys' fees, interest, and costs.

## **RELIEF REQUESTED**

WHEREFORE, Cutting Edge requests that this Court:

1. Enter judgment for Cutting Edge and against the NHL Defendants on Claim I for copyright infringement and award Cutting Edge permanent injunctive relief pursuant to 17 U.S.C. § 502 against the infringing reproduction, public display distribution, or creation of derivative works of Copyrighted Works, and an order under 17 U.S.C. § 503 that all copies in the possession of the NHL Defendants and their principals, agents or employees made in violation of Cutting Edge's rights be impounded and destroyed;

2. Enter judgment for Cutting Edge and against the NHL Defendants on Claim I for copyright infringement and award Cutting Edge actual damages and profits in an amount to be proven at trial, or statutory damages, including attorneys' fees and costs;

3. Enter judgment for Cutting Edge and against the NHL Defendants on Claim II for violation of Mass. Gen. Laws ch. 93A § 11 and award Cutting Edge damages in an amount to be proven at trial plus treble damages, interest, attorneys' fees, and costs; and

4. Grant Cutting Edge such other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Cutting Edge hereby demands a trial by jury on all the issues so triable.

June 2, 2004                                    DJAYGEE, INC.

                                                By its attorneys,

                                                _____
                                                David S. Godkin, Esq. (BBO #196530)
                                                Jason A. Duva, Esq. (BBO #640156)
                                                Kerry M. Regan, Esq. (BBO # 650849)
                                                TESTA, HURWITZ & THIBEAULT, LLP
                                                125 High Street
                                                Boston, Massachusetts 02110
                                                (617) 248-7000

3074863_1