UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DJAYGEE, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE,<br><br>NHL ENTERPRISES, INC., and<br><br>NHL ENTERPRISES, L.P.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 04-11135 NG |

## ANSWER TO AMENDED COMPLAINT

Defendants National Hockey League ("NHL"), NHL Enterprises, Inc., and NHL Enterprises, L.P. (collectively, the "NHL Parties"), by and through their undersigned attorneys, for their answer to the Amended Complaint (the "Complaint") herein, respectfully allege as follows:

## THE PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Deny the allegations contained in paragraph 2, except admit that the National Hockey League is a joint venture organized as a not-for-profit unincorporated

association comprised of professional hockey clubs with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.

3. Admit the allegations contained in paragraph 3.

4. Deny the allegations contained in paragraph 4, except admit that NHL Enterprises, L.P. is a Delaware limited partnership with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020, whose partners include certain of the member clubs of the NHL and NHL Enterprises, Inc.

5. Admit the allegations contained in paragraph 5.

## JURISDICTION

6. Neither admit nor deny the allegations contained in paragraph 6 on the ground that they consist of legal conclusions as to which no response is required, except admit that the Complaint purports to base jurisdiction on the provisions and principles alleged therein.

7. Neither admit nor deny the allegations contained in paragraph 7 on the ground that they consist of legal conclusions as to which no response is required, except admit that the Complaint purports to base jurisdiction on the provisions and principles alleged therein.

8. Neither admit nor deny the allegations contained in paragraph 8 on the ground that they consist of legal conclusions as to which no response is required, except admit that the Complaint purports to base venue on the provisions alleged therein.

## **FACTUAL ALLEGATIONS**

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, except admit, upon information and belief, that Plaintiff has had communications and dealings with individuals associated with certain NHL clubs.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, except deny that the letter and number designs allegedly created by Plaintiff are original or entitled to protection as a matter of copyright law regardless of the format in which they appear.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except deny that Plaintiff created a unified and unique visual identity for each team and deny that the letter and number designs allegedly created by Plaintiff are entitled to protection as a matter of copyright law regardless of the format in which they appear.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14, except deny that Plaintiff created any original work, deny that the letter and number designs allegedly created by Plaintiff are entitled to protection as a matter of copyright law regardless of the format in which they appear, and

21761327v1

admit that Exhibit A appears to consist of copies of certificates of registration issued by the United States Copyright Office.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15, except deny that Plaintiff created any original work, deny that the letter and number designs allegedly created by Plaintiff are entitled to protection as a matter of copyright law regardless of the format in which they appear, and admit that Exhibit A appears to consist of copies of certificates of registration issued by the United States Copyright Office.

16. Deny the allegations contained in paragraph 16 and state, on information and belief, that Plaintiff voluntarily provided depictions of certain numbers and letters to one or more of the NHL Parties, and any use of such numbers and letters by the NHL Parties was undertaken with the consent and authorization of Plaintiff.

17. Deny the allegations contained in paragraph 17.

## CLAIM I

### Copyright Infringement Under 17 U.S.C. § 101, et seq.

18. The NHL Parties reallege and incorporate by reference their responses to paragraphs 1 through 17 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, except admit that Exhibit A appears to consist of copies of certificates of registration issued by the United States Copyright Office.

20. Deny the allegations contained in paragraph 20.

21761327v1

21.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and state, on information and belief, that Plaintiff voluntarily provided depictions of certain numbers and letters to one or more of the NHL Parties, and any use of such numbers and letters by the NHL Parties was undertaken with the consent and authorization of Plaintiff.

22.  Deny the allegations contained in paragraph 22.

23.  Deny the allegations contained in paragraph 23.

24.  Deny the allegations contained in paragraph 24.

25.  Deny the allegations contained in paragraph 25.

## CLAIM II

### Mass. Gen. Laws Ch. 93A § 11

26.  The NHL parties reallege and incorporate by reference their responses to paragraphs 1 through 25 of the Complaint.

27.  Neither admit nor deny the allegations contained in paragraph 27 on the ground that they consist of legal conclusions as to which no response is required, except admit that the NHL Parties conduct business in Massachusetts.

28.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.  Deny the allegations contained in paragraph 29.

30.  Deny the allegations contained in paragraph 30.

31.  Deny the allegations contained in paragraph 31.

## ANSWER TO RELIEF REQUESTED

The NHL Parties specifically deny that Plaintiff is entitled to the relief requested or to any other relief based on the allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The subject matter in which Plaintiff claims rights is not entitled to protection under the Copyright laws of the United States.

## THIRD AFFIRMATIVE DEFENSE

Any reproduction or other use by the NHL Parties of the subject matter in which Plaintiff claims rights was undertaken with the consent and authorization of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of estoppel by laches and the doctrine of estoppel by acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The NHL Parties have not reproduced or otherwise used any copyrightable subject matter in which Plaintiff may properly claim rights as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Any use by the NHL Parties of portions of the subject matter in which Plaintiff may claim rights constitutes a non-infringing fair use pursuant to 17 U.S.C. § 107.

### NINTH AFFIRMATIVE DEFENSE

Any potential infringement by the NHL Parties was entirely innocent and without any knowledge of rights claimed by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages or attorney's fees pursuant to 17 U.S.C. § 412.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Claim II of the Complaint is preempted by the Copyright Act of the United States.

21761327v1

## RELIEF REQUESTED

WHEREFORE, the NHL Parties respectfully request:

1. Judgment to be entered against Plaintiff dismissing the Complaint with prejudice and denying any relief to Plaintiff.

2. An award of costs, including attorney's fees and disbursements, incurred by the NHL Parties pursuant to 17 U.S.C. § 505.

3. Further relief as the Court may deem just and proper.

Dated: Boston, Massachusetts
August 26, 2004

NATIONAL HOCKEY LEAGUE,
NHL ENTERPRISES, INC. and
NHL ENTERPRISES, L.P.,

By their attorneys,

_____
Jane E. Willis (BBO 568024)
Gabriel D. O'Malley (BBO 651432)
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

Lorin L. Reisner
Nicholas F. Joseph
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000