# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DJAYGEE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-11135 NG |
| | ) | |
| NATIONAL HOCKEY LEAGUE, | ) | |
| NHL ENTERPRISES, INC., and | ) | |
| NHL ENTERPRISES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

To facilitate the production and receipt of information in this action, the parties stipulate and agree, through their respective counsel, to the entry of the following proposed Order for the protection of confidential and trade secret information that may be produced or otherwise disclosed during the course of this action by any party or non-party in this action:

**1.   Designation**

Documents and things produced during the course of discovery deemed by the party or non-party producing or disclosing the documents and things (the "Producing Party") to contain confidential information may be designated as confidential by the Producing Party by marking the document or thing with the legend "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEY'S EYES ONLY," as the Producing Party deems appropriate.  Each page of a document which contains confidential information shall bear the appropriate legend in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.  Any written discovery response containing confidential information shall be marked with the appropriate legend, and shall be bound separately from responses not

containing confidential information.

## 2. **Disclosure of "CONFIDENTIAL" Information**

Materials designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court and its officers;

(b) outside counsel at the law firms of Testa, Hurwitz & Thibeault LLP, Debevoise & Plimpton LLP, and Ropes & Gray LLP, employees of outside counsel engaged in the conduct of this action, translators, computer evidence service providers, and outside litigation support providers retained by authorized outside counsel, such as graphics services, trial technology companies, photographers, videographers, and similar support providers, who shall use such information solely for purposes of this litigation;

(c) third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation ("Experts"), who shall use such information solely for purposes of this litigation, provided that each Expert signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;

(d) officers, directors, in-house counsel, or employees of the receiving party necessarily involved in the litigation, who shall use such information solely for purposes of this litigation, provided that each such officer, director or employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things; and

(e) witnesses or deponents whose testimony is reasonably related to the confidential

information sought to be disclosed to him or her, provided that each such witness or deponent signs a confidentiality agreement in the form attached hereto as Exhibit "A" as to confidential documents he or she is shown.

3. **Disclosure of "CONFIDENTIAL—ATTORNEY'S EYES ONLY" Information**

Materials designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court and its officers;

(b) outside counsel at the law firms of Testa, Hurwitz & Thibeault LLP, Debevoise & Plimpton LLP, and Ropes & Gray LLP, and employees of outside counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation; and

(c) in-house counsel for the parties, who shall use such information solely for the purpose of this litigation, provided they have signed a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things; and

(d) Experts, who shall use such information solely for purposes of this litigation, provided that the Disclosing Party and the Expert comply with all requirements of Paragraph 2(c) above.

4. **Redaction**

The Producing Party may redact material deemed non-responsive or exempt from discovery because of the attorney-client privilege or work product immunity afforded by the Fed. R. Civ. P. However, the Producing Party must identify in the redacted area that redaction has

3162029

occurred. The reason for any redaction must be stated either on the document itself or on an appropriate privilege log.

 5. **Depositions**

In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the Producing Party or any other party to this action may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEY'S EYES ONLY," as appropriate. In addition, each party shall have fifteen (15) days from the date on which the deposition transcript is first available to the parties to designate portions thereof in accordance with the terms of this Stipulated Protective Order, and the deposition transcript shall be treated as CONFIDENTIAL— ATTORNEY'S EYES ONLY by the parties until the expiration of this fifteen (15) day period. The Producing Party may exclude from the deposition any individual not entitled to access to the Producing Party's CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY information during portions of any deposition during which such information will be disclosed.

 6. **Designation Following First Disclosure**

Nothing contained in the foregoing paragraphs shall prohibit a Producing Party from designating any document, thing, testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" subsequent to its first disclosure or production, provided, however, that any such subsequent designation: (a) must be in writing; (b) must specifically identify the document, thing, testimony or information so designated; and

3162029

(c) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party. When a Producing Party designates information or materials "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order.

## 7. Retention and Inspection of Confidentiality Agreements

Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to this Order and shall promptly forward a copy thereof to counsel for the Producing Party upon reasonable request or after the conclusion of this litigation, if not requested previously.

## 8. Limitation on Designations

The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

## 9. Challenge of Designations

Nothing in this Stipulated Protective Order shall be taken as or constitute an indication or

acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment.  To the extent the receiving party disagrees with the designation of any information, documents, testimony or things as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, or disagrees with the propriety of any redactions, the party shall confer in good faith with the Producing Party in an effort to resolve the disagreement.  If the parties are unable to resolve the disagreement following such good faith conference, the receiving party may seek an Order from the Court at any time thereafter determining that the information, documents, testimony or things are not entitled to the confidentiality protection signified by the confidentiality legend on the document pursuant to the terms of this Order, or should be produced in non-redacted form.  Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall, however, remain subject to the provisions of this Stipulated Protective Order unless and until the Court determines that such materials are not entitled to such protection.  In any motion filed with the Court regarding the designation or redaction of documents under this Order, the Producing Party shall bear the burden of proof and the prevailing party shall be entitled to recovery of its reasonable attorneys' fees and costs incurred in connection with the motion.

10. **Filing of Confidential Materials**

All discovery materials designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this Stipulated Protective Order, and shall be kept under seal until further Order of the Court; provided, however, that such information shall be

available to the Court and to persons listed in paragraphs 2 or 3 above, as appropriate given the nature of the confidentiality legend affixed to the information. If a party wishes to use or reference during any hearing or at trial any material designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," the party shall disclose the information only in closed court, absent subsequent agreement of the parties or order of this Court.

11. **Return of Designated Information**

Upon final termination of this litigation not subject to further appeal, each party and non-party may request the return to it of all documents or other confidential materials previously furnished to any other party hereunder, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to all parties; provided, however, that outside counsel for the parties may retain confidential pleadings, court papers, and written discovery for their files.

12. **Term; Scope**

This Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this Order shall be without prejudice to the rights of any party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information,

3162029

documents, testimony or things.

13. **Limitations**

(a) Nothing in this Order shall prevent a party from disclosing or using any of its own documents, information or things as it deems appropriate; provided, however, that disclosure or use in a manner inconsistent with the terms of this Order could result in the loss of confidentiality of the document, information, or thing.

(b) Nothing in this Order shall prevent a party from disclosing or using any information that is public knowledge, including, but not limited to, any information lawfully acquired from a third party under no obligation to maintain the confidentiality of the information, information independently developed by the Disclosing Party, and information known to the Disclosing Party prior to entry of this Order.

(c) Nothing in this Order shall prevent a party from disclosing any document to any person who is clearly identified as an author, addressee, or carbon copy recipient of the document.

(d) If a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, nothing in this Order shall prevent a party from discussing such conduct or statements with such witness without revealing any other portion of the document or testimony.

14. **Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, *provided* that the Producing Party shall promptly notify the receiving party in writing of the inadvertent production

3162029

after the Producing Party learns of the inadvertent production.  If prompt notification is made and the Producing Party establishes the circumstances surrounding the document's inadvertent production, the inadvertently produced document and all copies thereof shall be returned to the Producing Party or destroyed, upon request.  No use shall be made of such documents during deposition, at a hearing or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  If, after conferring, counsel are unable to reach a satisfactory agreement within five (5) business days of receipt of the request to return or destroy them, the Producing Party may file a motion with the Court regarding the matter within ten (10) business days after conferring.  In such circumstances, the Producing Party shall bear the burden of proving that the production does not constitute a waiver of the privilege or immunity.  The receiving party shall not disclose the document for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had it in their possession prior to receipt of notification from the producing person, until the expiration of the ten (10) day period identified in this paragraph or, if a motion to the Court is submitted, until disposition of that petition.  Following expiration of the fifteen (15) day term, nothing in this Order shall preclude either party from moving the Court for return or destruction of later discovered, inadvertently produced documents subject to work product immunity or the attorney-client privilege.

    15.    **<u>Paragraph Captions.</u>**

The title captions for each paragraph of this Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Order.

3162029

SO ORDERED, this _____ day of January, 2005.

_____
MARIANNE B. BOWLER
Chief United States Magistrate Judge

| STIPULATED TO BY: | |
|---|---|
| NATIONAL HOCKEY LEAGUE, NHL ENTERPRISES, INC., and NHL ENTERPRISES, L.P., By their attorneys, | DJAYGEE, INC. By its attorneys, |
| /s/ Jane E. Willis (by RRH) | /s/ Rebecca R. Hayes |
| Jane E. Willis, Esq. (BBO #568024)  jwillis@ropesgray.com  Gabriel D. O'Malley, Esq. (BBO #651432)  gomalley@ropesgray.com  ROPES & GRAY LLP  One International Place  Boston, MA  02110  (617) 951-7000 | David S. Godkin, Esq. (BBO #196530)  godkin@tht.com  Jason A. Duva, Esq. (BBO #640156)  duva@tht.com  Rebecca R. Hayes, Esq. (BBO # 654607)  hayesrr@tht.com  TESTA, HURWITZ & THIBEAULT, LLP  125 High Street  Boston, Massachusetts 02110  (617) 248-7000 |
| Lorin L. Reisner, Esq.  llreisner@debevoise.com  Nicholas F. Joseph  nfjoseph@debevoise.com  DEBEVOISE & PLIMPTON LLP  919 Third Avenue  New York, NY  10022  (212) 909-6000 | |

JANUARY 3, 2005.

3162029